UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

H & R BLOCK FINANCIAL ADVISORS, INC.,

        Plaintiff,

vs.                       Case No. 2:05-cv-482-FtM-29DNF

JEFFREY B. FOURNACE and D. TERRY MORRIS,

        Defendants.
_____/

**ORDER**

This matter comes before the Court on plaintiff H&R Block Financial Advisors, Inc.'s ("H&R Block") Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. #2) filed on October 6, 2005. Upon due and careful consideration of the Complaint (Doc. #1), the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. #2), the supporting Declaration (Doc. #2, Ex. 2), and plaintiff's Memorandum in Support of H&R Block's Emergency Motion (Doc. #3) and defendants' Request for Hearing (Doc. #8), the Court does hereby find as follows:

    1. Under Section 10335 of the National Association of Securities Dealers Code of Arbitration Procedure, and the authority of the holding in <u>American Express Fin. Advisors v. Makarawicz</u>, 122 F.3d 936 (11th Cir. 1997), H&R Block has the express right to seek and obtain temporary injunctive relief from a court of competent jurisdiction pending an arbitration hearing.

2. There is cause to believe that the rights of H&R Block with respect to its property, proprietary and confidential information, competitive interests, and employment contracts with defendants Jeffrey B. Fournace ("Fournace") and D. Terry Morris ("Morris")[1] is being and may continue to be violated by defendants unless said defendants are restrained in the manner set forth herein.

3. Plaintiff H&R Block will suffer irreparable harm and loss if defendants are permitted to: (a) convert property of H&R Block to their own personal use and benefit, and that of their new employer, Wachovia Securities, and (b) solicit H&R Block clients to transfer their business to a competitor firm and if defendants are not immediately enjoined without further notice or hearing.

4. Plaintiff H&R Block has no adequate remedy at law.

5. Greater injury will be inflicted upon plaintiff H&R Block by the denial of temporary injunctive relief than would be inflicted upon defendants by the granting of such relief.

Accordingly, and upon due deliberation, it is hereby

**ORDERED AND DECREED THAT:**

1. Plaintiff's Emergency Motion for Temporary Restraining Order is **GRANTED** and is effective as of **5:00 PM** this 7th day of October, 2005. Plaintiff shall post security with the Clerk of

---

[1] The Court will also collectively refer to Fournace and Morris as "defendants."

this Court in the amount of $10,000.00 no later than the 11th day of October, 2005.

 2. Fournace and Morris be immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any officer, agent, employee, and/or representative of Wachovia Securities, until hearing and thereafter until further Order of this Court, from doing any of the following:

 (a) soliciting or otherwise initiating any further contract or communication with any client of H&R Block whom defendants served or whose name became known to defendants while in the employ of H&R Block, for the purpose of advising said clients of their new affiliation or for the purpose of inviting, encouraging or requesting the transfer of any accounts or business patronage from H&R Block;

 (b) soliciting or otherwise initiating any further contact or communication with any client of H&R Block whose records or information defendants used in violation of their Employment Agreements.  This specifically includes any client whom defendants may have contacted by mail, phone or otherwise through the use of any information obtained by defendants while in the employ of H&R Block (excluding defendants' family and relatives);

 (c) Using, disclosing, or transmitting for any purpose, including solicitation of said clients, the information contained in the records of H&R Block or concerning its clients, including,

but not limited to, the names, addresses, and financial information of said clients; and

   (d) Destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in defendants' possession or control which were obtained from or contain information derived from any H&R Block records, which pertain to H&R Block clients whom defendants served or whose names became known to defendants while employed by H&R Block, or which relate to any of the events alleged in the Complaint in this action.

 3. Fournace, and anyone acting in concert or participation with Fournace, specifically including Fournace's counsel and any agent, employee, officer or representative of Wachovia Securities, are further ordered to return to H&R Block's Florida counsel any and all records, documents and/or other types of information pertaining to H&R Block customers ("Customer Information"), whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form, within twenty-four (24) hours of notice to Fournace or his counsel of the terms of this Order.

 4. Morris, and anyone acting in concert or participation with Morris, specifically including Morris's counsel and any agent, employee, officer or representative of Wachovia Securities, are

further ordered to return to H&R Block's Florida counsel any and all records, documents and/or other types of information pertaining to H&R Block customers ("Customer Information"), whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form, within twenty-four (24) hours of notice to Morris or his counsel of the terms of this Order.

    5.   Any and all Customer Information within the possession, custody or control of defendants that is contained in any computerized form, including on computer software, disks, computer hard drive, and/or any other type of computer or digital information storage device, returned pursuant to paragraph 3 above shall be permanently deleted by an H&R Block representative. Such Customer Information shall be permanently deleted, if possible, without affecting any other information or software on the computer. Defendants, and anyone acting in concert with defendants, are precluded from reconstructing or any way restoring any Customer Information deleted pursuant to this paragraph and returned to H&R Block pursuant to paragraph 3 above.

    6.   In accordance with Fed. R. Civ. P. 65(b), this Order shall remain in full force and effect until 5:00 PM October 17, 2005, at which time it shall expire by its terms unless extended by this Court upon good cause shown, by consent of the parties, or by

entry of a subsequent preliminary injunction by this Court pending a Rule 10335 hearing before the NASD.

7. Pending a preliminary injunction hearing before this Court, and pursuant to the requirements of Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed expeditiously with an arbitration pursuant to Rule 10335(b) of the National Association of Securities Dealers Code of Arbitration Procedure.

8. Counsel for plaintiff shall serve a copy of this Order on defendants forthwith.

9. Counsel for the parties shall appear before the undersigned for a hearing on the motion for preliminary injunction on **October 14, 2005,** at **2:00 PM**, at the U.S. Courthouse & Federal Building, **Courtroom A, Sixth Floor**, 2110 First Street, Fort Myers, Florida.

**DONE AND ORDERED** at Fort Myers, Florida, this __7th__ day of October, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
DCCD